(Court of Appeal, Parish of Orleans.)

## MRS. MATHILDA B. LAPORTE, WIFE OF S. J. LAPORTE, vs. JOSEPH H. LAPORTE.

While a married woman may, during the existence of the community, purchase property on credit as an investment for account of her separate paraphernal estate, still, in order to overcome the presumption that the property belongs to the community, she must affirmatively establish by proof *dehors* the deed itself that the cash portion of the price invested in such a purchase was separate paraphernal property by her separately administered, and not only that the property purchased is reasonable security for the credit portion of the price, but that the remaining separate paraphernal property under her administration or her separate paraphernal revenues are such as to render it reasonably certain tnat the deferred payments will be met as they mature.

Appeal from the Civil District Court, Division "D."

Titche & Rogers for plaintiff and appellee.

W. J. Waguespack, for defendant and appellant.

GODCHAUX, J.—Under an act of sale which recited that the purchase was being made with her own separate paraphernal funds by her separately administered, the plaintiff bought a city lot for $1000.00, on terms of substantially one-third cash and the balance payable in installments represented by her two vendor's lien notes for the sum of $333.33 each. By this suit she seeks to have the property decreed to belong to her separate paraphernal estate and to be unaffected by the lien and mortgage of a recorded judgment procured by the defendant against her husband. Judgment below was in her favor

as prayed for ana the defendant appeals.

The principles of law applicable to the case are undisputed and may be summarized as follows:

While a married woman may, during the existence of the community, purchase property on credit as an investment for account of her separate paraphernal estate, still, in order to rebut the presumption that the property belongs to the community, she must affirmatively establish by proof dehors the deed itself, that the cash portion of the price invested in such a purchase was separate paraphernal property by her separately administered and not only that the property purchased is reasonable security for the credit portion of the price, but that the remaining separate paraphernal property under her administration, or her separate paraphernal revenues are such as to render it reasonably certain that the deferred payments will be met as they mature.

There is no conflict nor contradiction in the testimony, all of which was adduced on behalf of plaintiff, and the matter requiring consideration is whether or not the facts disclose that plaintiff has discharged the burden of proof upon her of fixing the status of the property.

The Court is of opinion that such is the case. In the first place the cash portion of the price paid bears such proportion to the total price as to make the deferred payments sufficiently secured by the property itself.

Then it is shown that from time to time plaintiff received small gifts of money from her brother and from her uncle, the latter on one occasion presenting her with $200.00. As beneficiary she received the proceeds of policies of insurance on the life of her father and of her uncle and on the latter's death inherited from him the sum of $300.00. She at all times retained the administration of the money thus received, making profitable investments, and thereby accumulated a fund out of

which she has paid the cash portion of the price of the property in question as well as the first deferred payment, and apparently she still has sufficient money in hand remaining to meet the second or last note, which is now due but payment of which she has deferred owing to the pendency of the present litigation.

Upon these facts and the law applicable thereto the Court is clear that the property belongs to her separate paraphernal estate and that the action of the lower Court in sustaining plaintiff's demand was correct.

It is accordingly ordered that the judgment appealed from be affirmed.

Judgment affirmed.

December 18, 1911.

Rehearing refused January 22, 1912.

February 27, 1912, decree Supreme Court, writ refused.